ESTATE OF W. R. BURT TRUSTS NO. 27 AND 27A, SECOND NATIONAL BANK & TRUST COMPANY OF SAGINAW, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19473.    Promulgated April 29, 1949.

*Frank W. Coolidge, Esq.*, and *John C. Evans, Esq.*, for the petitioner.

*A. J. Friedman, Esq.*, for the respondent.

#### OPINION.

JOHNSON, *Judge*: The Commissioner determined a deficiency of $5,745.93 in petitioner's income tax for 1942 and a deficiency of $8,046.13 in its income and victory tax for 1943, in part by disallowing as a deduction a percentage of amounts distributed to beneficiaries pursuant to decedent's will equal to the tax-exempt percentage of total trust income available for distribution. Petitioner contends that the full amounts paid to the beneficiaries are deductible under section 162 (d) (1), which is applicable to its distributions, because the definition of distributable income incorporated in it is so worded as to exclude any consideration of the tax-exempt income of the trust in arriving at the deductions allowable.

This proceeding was submitted upon a stipulation and exhibits, which we hereby incorporate as findings of fact, and from which it appears that:

Wellington R. Burt, a resident of Saginaw, Michigan, died on March 2, 1919, leaving a will which was admitted to probate in the Probate Court of Saginaw. He named the Second National Bank & Trust Co. of Saginaw executor of his estate and trustee of a trust created by the will. On May 24, 1922, the bank was appointed testamentary trustee and it has since been in possession of the assets of the trust, petitioner herein.

By the second article of the will the trustee was directed to pay specified annual amounts to each of some 35 persons for life. In 1942 the trustee paid an aggregate of $19,380.22 to the 14 then surviving, and in 1943 an aggregate of $17,848.73 to the 13 surviving in that year. Article 14 of the will provided that if income should not be sufficient to make all such payments, a sum should be taken from principal of the estate so that all payments be made in full. But, as trust income available for distribution was $209,412.16 in 1942 and $173,839.67 in 1943, no invasion of principal was necessary.

The trust's net income available for distribution comprised nontaxable interest on state, county, and city bonds, ordinary taxable income, and partially taxable U. S. interest as follows:

|  | 1942 | Per cent | 1943 | Per cent |
|---|---|---|---|---|
| Nontaxable income | $174,880.76 | 83.5 | $128,091.34 | 73.68 |
| Taxable income | 4,251.09 | 2. | 22,412.63 | 13.47 |
| Partially taxable income | 30,280.31 | 14.5 | 22,335.70 | 12.85 |
| Total | 209,412.16 | 100. | 173,839.67 | 100. |

The net income before deduction of amounts distributable to beneficiaries was $50,946.12 in 1942 and $40,535.50 in 1943. The net income for 1942 comprised nondistributable capital gain of $16,414.72. All tax-exempt income was, of course, excluded in computing net income for each year.

On petitioner's income tax returns for 1942 and 1943 the trustee deducted the full amounts distributed to the beneficiaries in arriving at the trust net incomes subject to tax. The Commissioner reduced these deductions to $3,197.86 and $4,697.78, by elimination of $16,183.06 and $13,150.95. The eliminations represent 83.5 per cent and 73.68 per cent, respectively, of the total distribution to beneficiaries made in each year, or a part of the distribution proportionate to the tax-exempt part of petitioner's total income available for distribution.

On March 15, 1943, the trustee filed for petitioner with the collector of internal revenue for the district of Michigan a 1942 income tax return, showing a tax due of $14,047.05, which was paid in 1943. On

March 15, 1944, the trustee filed a 1943 return, showing a tax due of $7,773.07, which was paid in 1944. A claim for refund, based on grounds unrelated to the issue here presented, was filed for the 1942 tax paid, on October 25, 1945, and for the 1943 tax paid, on January 30, 1947.

On petitioner's income tax returns for 1942 and 1943 the trustee deducted the full amount of income distributed to the several beneficiaries under the terms of decedent's will. In bequeathing these annual payments, decedent implicitly contemplated the use of trust income to the extent available by directing that, if income should not be adequate, a sufficient sum should be taken from principal so that all payments might be made in full. In fact, however, the trust's income available for distribution was greatly in excess of all payments required, and consequently the trustee did not have to invade corpus.

By section 162 (b), Internal Revenue Code,[1] the amount of income currently to be distributed to a beneficiary is allowed as a deduction in computing the net income of the estate or trust, but the amount deducted must be included in the beneficiary's income. Similar provisions appeared in section 219 (b) (2), Revenue Act of 1924, and subsequent revenue acts. But in *Burnet* v. *Whitehouse*, 233 U. S. 148, the Supreme Court held that a bequeathed annuity payable at all events and without reference to the existence or absence of income was a bequest not taxable to the recipient, although in fact income of the testamentary trust was used to pay it. And consistently the Court held in *Helvering* v. *Pardee*, 290 U. S. 365, that the payment of such a bequest was not deductible by the trust because the charge was upon the estate as a whole and the payment made was not a distribution of income, but the discharge of a gift or legacy. As decedent subjected trust principal to payment of the annuities here in controversy if necessary, petitioner was not entitled to deduct those payments by virtue of section 162 (b), under the holdings of the cited decisions.

Because those holdings resulted in the payment of tax on such distributions by a trust and thereby provided a means of tax avoidance for some beneficiaries and worked a hardship on others, Senate Report No. 1631, p. 70, 77th Cong., 2d sess., Congress enacted section 111, Revenue Act of 1942, as a corrective remedy, effective for taxable

---

[1] SEC. 162. NET INCOME.

　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

years beginning after December 31, 1941. Sec. 111 (e), Revenue Act of 1942. Addressing itself first to the beneficiary's exemption from tax on the distribution, the Committee took note in the cited report that gifts, bequests, devises, and inheritances in general were excluded from gross income by section 22 (b) (3) and that under existing law as construed in *Burnet* v. *Whitehouse, supra,* a bequest of fixed recurrent payments was so excluded.

* * * Although such amounts are not dependent solely upon income as the source of payment, they may be, and frequently are, by direction under the terms of the gift or bequest, paid in whole or in part out of income. [S. Report No. 1631, *supra,* p. 70.]

To make the beneficiary taxable on these amounts if the trust had income for their payment, Congress amended section 22 (b) (3) of the code by section 111 (a) of the 1942 Act, and in providing that the income from gifts, bequests, devises, and inheritances not be excluded from gross income, it added:

* * * For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.

Correspondingly, by section 111 (b) of the 1942 Act Congress added a new subsection, (d), to section 162 of the code, to classify as a distribution of trust income for tax purposes the payment of a bequeathed annuity chargeable against the estate as a whole, provided the trust had income available. This new subsection purports to prescribe "Rules for Application of Subsection (b) and (c)" of section 162, and includes one which relates specifically to:

(1) AMOUNTS DISTRIBUTABLE OUT OF INCOME OR CORPUS.—In cases where the amount paid, credited, or to be distributed can be paid, credited, or distributed out of other than income, the amount paid, credited, or to be distributed * * * during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed, if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year. * * * For the purposes of this paragraph "distributable income" means either (A) the net income of the estate or trust computed with the deductions allowed under subsections (b) and (c) in cases to which this paragraph does not apply, or (B) the income of the estate or trust minus the deductions provided in subsections (b) and (c) in cases to which this paragraph does not apply, whichever is greater.

By virtue of this new subsection (d) (1) to section 162, petitioner plausibly claims the right to a deduction on account of amounts which the trustee paid to the beneficiaries in 1942 and 1943. Respondent is in agreement that some deduction is allowable, and that petitioner had ample income from which to make the full payments that it seeks to deduct. But respondent contends that, since 83.5 per cent of the

trust's total income available for distribution in 1942 and 73.68 per cent thereof so available in 1943 consisted of tax-exempt interest on state, county, and city bonds, a like percentage of the amounts distributed must be deemed tax-exempt interest. As a consequence, he argues, the taxable income of the trust was not reduced by the tax-exempt percentages of the distributions, and in his determination of deficiencies he scaled down the amount of the distribution allowable as deductions by eliminating amounts equal to the percentages deemed tax-exempt.

Such a proration of taxable and tax-exempt income to distributions made by trustees has been judicially sustained for the purpose of limiting the deduction of amounts distributable only from trust income under the provisions of section 162 (b) before enactment of section 162 (d). *Estate of Richard E. Traiser*, 41 B. T. A. 228; *J. Cornelius Rathborne*, 37 B. T. A. 607; affd, (C. C. A., 5th Cir.), 103 Fed. (2d) 301, and 109 Fed. (2d) 1020; *Georgie W. Rathborne*, 37 B. T. A. 936. A like conclusion was reached in *Grey* v. *Commissioner* (C. C. A., 7th Cir.), 118 Fed. (2d) 153, where tax exemption in the trust income was based on the charitable character of some beneficiaries. And in *Anita Quinby Stewart*, 9 T. C. 195, application of the principle in respect of distributions made in 1943 was recognized as proper for an assignee of a part of a beneficiary's share of income.

The foregoing decisions fully sustain respondent's determinations unless the specific provisions of the new subsection, (d) (1), prescribe a different rule for the type of distribution to which it relates. Petitioner argues that a different rule is specifically prescribed. While under its theory the trustee is deemed to have distributed only taxable income (which was also in excess of the aggregate distributions), leaving all tax-exempt income in the trust, it is argued that (d) (1), "for the purposes of this paragraph" defines "distributable income" as either the "net income" of the trust computed with the deductions allowed by (b) and (c), or "income" less such deductions, whichever is greater. Petitioner takes "net income" as the applicable figure, and points out that tax-exempt income is excluded by definition from gross income, section 22 (b), and, as a corollary, from net income as defined in section 21. Hence, it is concluded, "distributable income" means taxable income in subsection (d) (1), regardless of what it means in subsection (b), and the full amounts of the annuities in controversy must be considered as distributions from taxable income, for, in the words of the brief, subsection (d) (1) "clearly excludes any consideration of tax-exempt income in arriving at the amount of the deduction allowed."

We perceive no basis for such a conclusion. Contrary to petitioner's argument, subsection (d) (1) does not allow "a separate,

independent deduction expressly provided for estates and trusts only." It provides merely that amounts which can be paid, credited, or distributed out of other than income by a trustee "shall be considered as income of the estate or trust which is paid, credited, or to be distributed." Being so considered, the amounts qualify as allowable deductions under section 162 (b), and, being allowable under that subsection, must be deemed taxable and tax-exempt income according to the method of ratable allocation approved for trust income deductible under that subsection. *J. Cornelius Rathborne, supra,* and the other cases above cited.

The definition of "distributable income" in (d) (1), on which petitioner's contention rests, is designed to provide a maximum limit on the amounts deductible; not to characterize the amounts paid, credited, or to be distributed "which shall be considered as income." The definition on its face introduces an artificial concept, since it is in the alternative, and we agree with petitioner's view that it "clearly excludes any consideration of tax-exempt income," but only for the purpose of fixing a maximum. Being excluded from gross income, tax-exempt income, when distributed, could not logically serve as a deduction or as an element in a figure fixing a maximum for a deduction. But, in the computation sequence contemplated by section 162, petitioner's distributions, qualifying as trust income by virtue of (d) (1), are reduced to their ratable content of taxable income by virtue of the judicial construction of (b), excluding tax-exempt income, and it is against these reduced amounts that the "distributable income" defined in (d) (1) provides a maximum limitation.

The legislative history of subsection 162 (d) indicates very clearly that Congress' intent was to make uniform the tax incidence of distributions made by a trustee from trust income, regardless of whether the distributions were payable from income only or could be paid from either income or principal. This conscious intent is manifest from the simultaneous change in section 22 (b) (3) to permit inclusion in the recipient's income of a distribution chargeable against the estate or trust as a whole, and from Congress' failure in (d) (1) to make any provision for the trust's deduction of the type of distribution to which it relates or for the recipient's inclusion of the amount deducted in his income. Such a deduction and inclusion are, however, required by subsection (b), and as petitioner's distributions, qualifying as trust income under (d) (1), are deductible solely by virtue of (b), they must be deemed to comprise the same percentage of tax-exempt income as the total trust income available for distribution under the judicial construction of (b). The determinations are sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*