ALICE M. TOWNSEND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF W. B. TOWNSEND, M. L. TIPTON, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14537, 19732. Promulgated May 3, 1949.

*Robert A. Littleton, Esq.*, for the petitioners.
*S. Earl Heilman, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency in income tax of $1,183.82 against Alice M. Townsend for 1943. The only issue is whether $3,600 received by her in 1942 and in 1943 from the estate of her deceased husband pursuant to a prenuptial agreement is taxable to her. He also determined deficiencies in income tax for 1942 and 1943 against the estate of W. B. Townsend by denying it the right to deduct the amounts paid Alice. He did that merely as a precaution and concedes that those deficiencies are improper if the amounts are taxable to Alice. The facts have been stipulated. The

returns for the years in question were filed with the collector of internal revenue for the district of Tennessee.

W. B. Townsend and Alice U. Morier entered into a prenuptial agreement on January 2, 1935. Each owned property at that time. They agreed, *inter alia*, that if Alice survived Townsend "she shall receive from and the administrators of his estate shall pay to her" $300 monthly for the next fifteen years of her life following his death and $20,000 as a final payment at the end of that period if she should then be alive, such payments to be in full discharge of all claims she might otherwise have to any part of his estate. He was to have no rights in her estate. They were married on January 24, 1935, and the marriage continued until February 23, 1936, when Townsend died, testate. He left her nothing under the will, but mentioned and confirmed the prenuptial agreement. His executor has paid Alice $300 monthly out of income of the estate since Townsend died and during each of the years 1942 and 1943. She did not report those amounts as taxable income for 1942 or 1943. The Commissioner included the $3,600 for each year in taxable income and determined the resulting deficiency against Alice. He explained it was taxable income under section 22 (b) (3) of the code.[1] He also disallowed corresponding deductions taken by the estate for 1942 and 1943. He explained:

> It is the position of the Bureau that said payments are taxable to the recipient, Alice M. Townsend; but because of the fact that said Alice M. Townsend is contesting her liability for tax on said payments, which have been claimed as deductions in the returns of the fiduciary, it becomes necessary in this determination, for protective purposes, to disallow the deductions to the fiduciary, Estate of W. B. Townsend.

The Commissioner acted and argues upon the theory that the amounts in question were payments of income either by gift or under Townsend's will within the meaning of section 22 (b) (3). The payments in question were made because they were required by the terms of the prenuptial agreement. It required them to be paid without regard to the availability of income and regardless of any provision or the absence of any provision in the will. The Supreme Court has held that amounts paid under prenuptial agreements such as this are gifts. *Commissioner* v. *Wemyss*, 324 U. S. 303; *Merrill* v. *Fahs*, 324 U. S. 308.

---

[1] SEC. 22. GROSS INCOME.

* * * * * *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * *

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.

Section 22 (b) (3) provides that the value of property acquired by gift shall not be included in gross income and shall be exempt from income tax unless it is a gift of income. The Supreme Court held in 1931 that recurrent payments to be made in any event and regardless of the availability of income for the purpose were not income to the recipient. *Burnet* v. *Whitehouse*, 283 U. S. 148. It also held in 1933 that the trust could not deduct for trust income used to pay an annuity. *Helvering* v. *Pardee*, 290 U. S. 365. Congress then enlarged section 22 (b) (3) in the Revenue Act of 1942 (see sec. 111 (a)) to change the law so that a gift payable "at intervals (regardless of income)" would be taxable income to the donee as received if paid out of income. See Senate Finance Committee Report on the Revenue Bill of 1942, p. 70, Rept. No. 1631, 77th Cong., 2d Sess. The provision is that a gift payable at intervals shall be considered a gift of income for the purpose of the paragraph to the extent that it is paid out of income from property. That provision covers the present case precisely, as the Commissioner has determined, since the gift was payable at intervals and the payments material hereto were all made out of income from the property constituting the corpus of the estate of the donor. The amounts are taxable income to Alice and the estate is entitled to the deduction. Sec. 162 (d) (1). *Estate of W. R. Burt Trusts No. 27 and 27A*, 12 T. C. 675.

> *Decision will be entered for the respondent in Docket No. 14537, and under Rule 50 in Docket No. 19732.*