RAYE E. COPELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18233. Promulgated June 9, 1949.

*D. Hays Solis-Cohen, Esq.*, for the petitioner.
*John A. Newton, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies in income tax as follows: 1944, $352.33; 1945, $360.47; and 1946, $303.87.

The only issue is whether $1,500 received by the petitioner in each of the taxable years was properly included in her income under section 22 (b) (3) of the Internal Revenue Code.

The facts have been stipulated.

The petitioner filed her individual income tax returns for the taxable years with the collector of internal revenue for the first district of Pennsylvania.

Joseph V. Horn died, testate, in 1941. His will, with five codicils attached thereto, was duly probated. He left his residuary estate in trust, with directions as to how all of the income therefrom was to be distributed. A paragraph in the fourth codicil of the will provided:

I give and bequeath to Raye E. Copeland, my secretary, an annuity of Fifteen hundred Dollars ($1,500.00) per annum, to be computed from the date of my death and to be paid to her in quarterly instalments. The purpose of this annuity is to render it unnecessary for her to continue in the employ of the Horn & Hardart Baking Company. I shall, however, expect her to render such service to my executors and trustees, without additional compensation, as they shall reasonably require.

The foregoing paragraph was not changed and was a part of the will as probated.

The trustees paid to the petitioner $1,500 in each of the taxable years. They made the payments out of the general income of the trust estate during 1944 and until March 1, 1945. Thereafter the payments were made from the income of Government bonds purchased pursuant to an adjudication of the Orphans' Court.

The Orphans' Court of Philadelphia County on June 25, 1944, awarded "$75,000.00 to the accountants in trust to pay the annuity to Raye E. Copeland." The executors, acting pursuant to the direction of the Orphans' Court, purchased on March 1, 1945, United States Government bonds, series G, in the principal amount of $75,000, and thereafter the interest on those bonds was used to make the payments to the petitioner.

Section 22 (b) (3), as it applies to the taxable years, provides for the exclusion from income of:

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.

The Commissioner has held, and now contends, that the $1,500 received each year by the petitioner was taxable to her because it was paid each year entirely out of income from property. The petitioner contends that the decedent expressly provided how all of the income of the residuary estate should be distributed; since none of it was to be distributed to the petitioner, the distributions to her were required by the will to be paid out of principal; and section 22 (b) (3) was not intended to tax distributions which are required by the will to be paid out of principal. The legislative history and purpose of this provision were recently discussed by this Court in *Alice M. Townsend*, 12 T. C. 692. Distribution of the bequest here involved was to be made at intervals and all of it was actually paid out of income from property; therefore, it must be considered a bequest of income from property, and as such it is taxable to the petitioner under section 22 (b) (3).

*Decision will be entered for the respondent.*