**DUNN v. UNITED STATES.**
**Civ. A. No. 8457.**

United States District Court
E. D. Pennsylvania.
July 12, 1949.

Clement J. Clarke, Jr., of Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Mamie S. Price, Sp. Assts. to Atty. Gen., Gerald A. Gleeson, U. S. Atty., T. J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The recent decision of the Tax Court in Townsend v. Commissioner, 12 T.C. 692, is directly in point and holds that periodic payments such as those in the present case are taxable income. I am constrained to follow it, particularly in view of the weight to which a decision of a special court like the Tax Court in the field committed to it is entitled.

Of course, if the majority view of the Court in Farid-Es-Sultaneh v. Commissioner, 2 Cir., 160 F.2d 812, is accepted, the ground on which the Townsend case was decided, namely, that the definition of "gift" in the Gift Tax and Estate Tax Laws settled by the Supreme Court in Commissioner v. Wemyss, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958, 156 A.L.R. 1022, and Merrill v. Fahs, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963, applies to the Income Tax Law, is cut from under it. However, while it may be true that those statutes are not strictly in pari materia with the Income Tax Law, all are part of a revenue code and it is certainly desirable that a term of such frequent occurrence in ordinary affairs of life as "gift" should mean the same thing for all tax purposes. To give it one meaning for estate and gift taxes and a contrary meaning for income tax simply complicates the taxpayer's problem—a result which should be avoided unless the intention of Congress is unmistakable. The Circuit Court of Appeals in the Farid-Es-Sultaneh case came to the conclusion that the Wemyss and Merrill cases contained no indication that the term "gift" in the Income Tax Law had to be interpreted to mean the same thing as "gift" in the other statutes, but the majority opinion of the Circuit Court of Appeals, 2 Cir., 160 F.2d 812, does not quite answer the question why the word should not be so interpreted.

Contrary to the plaintiff's suggestion, the Tax Court was certainly fully aware of the basis of the decision in the Farid-Es-Sultaneh case because that case reversed a decision of the Tax Court written by Judge Murdock who also wrote the opinion in the Townsend case.

The facts are found in accordance with the stipulation as filed.

The defendant is entitled to judgment.