Novelle Wiese v. Commissioner. Harold P. Wiese and Novelle Wiese v. Commissioner.
Wiese v. Commissioner
Docket Nos. 16742, 16743.
United States Tax Court
1950 Tax Ct. Memo LEXIS 217; 9 T.C.M. (CCH) 343; T.C.M. (RIA) 50101; April 18, 1950
George C. Mackay, Esq., for the petitioners. George E. Gibson, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in income tax of petitioner Novelle Wiese for the year 1943 in the amount of $188.71 and penalty for failure to file a return in 1943 in the amount of $47.18, and a deficiency in income tax of petitioners Harold P. Wiese and Novelle Wiese for the year 1944 in the amount of $266.76. The issues in these proceedings, which were consolidated for hearing, are: (1) Whether the amounts of $925 and $895 paid in 1943 and 1944, respectively, by the executor of the estate of Jacob J. Blum, deceased, to petitioner Novelle Wiese, a beneficiary under the said Blum's will, constituted taxable income to her. (2) Whether respondent *218 erred in determining a 25 per cent penalty under section 291, Internal Revenue Code, against petitioner Novelle Wiese for failure to file income tax return in 1943. Findings of Fact The petitioners, Harold P. Wiese and Novelle Wiese (nee Needham), are husband and wife and reside at 7372 Liberty Street, Unversity City, Missouri. They were married on December 31, 1944. Novelle Needham Wiese did not file an income tax return for the year 1943. The petitioners filed a joint income tax return for the year 1944 with the collector of internal revenue at St. Louis, Missouri. Jacob J. Blum of Mounds, Illinois, died testate on July 29, 1942. During his lifetime he had been a friend of Novelle Needham Wiese. His will, which was duly admitted to probate by the County Court of Pulaski County, Illinois, on August 28, 1942, contained the following provisions: "FIFTH: - I will, devise and bequeath unto Novelle Needham the sum of One Hundred Dollars ($100.00) a month to be paid to her at the rate of Fifty Dollars ($50.00) on each, the first and fifteenth of every month so long as she shall live, by my residuary legatee, W. H. Eichhorn, and in the event said W. H. Eichhorn *219 fails or refuses to make any payments as aforesaid, then the said Novelle Needham shall have the right to have so much of of any property as is left to the said W. H. Eichhorn by the Twelfth paragraph of this my will, and not disposed of by him, set apart to secure her in the amount remaining due and unpaid. I also hereby give the said Novelle Needham the sum of One Hundred Dollars ($100.00) to be paid to her within thirty days after the probate of this will. "SIXTH: - I also give, devise and bequeath unto Novelle Needham the property described as Lot 20 in Block 51 in the City of Cairo, Alexander County, Illinois to be hers absolutely, but it is my wish that she neither sell, mortgage or otherwise dispose of said property for at least ten years after my decease. * * *
"TWELFTH: - I will, devise and bequeath unto my nephew, W. H. Eichhorn, all of the balance, residue and remainder of my estate, real, personal or mixed, wherever the same may be situated, including stocks, bonds, notes, mortgages, accounts due and owing, insurance, money in the bank, and all other property to be and become his sole property forever, subject, however, to the restrictions mentioned in paragraphs *220 FOURTH and FIFTH of this will. "THIRTEENTH: - I nominate and appoint W. H. Eichhorn to be the Executor of this my last will and testament and I direct that he serve without being required to give bond. * * *" W. H. Eichhorn qualified as executor of the estate of Jacob J. Blum, deceased, and was executor of the estate in 1943 and 1944, during which period the estate was in the process of administration. He filed fiduciary income tax returns for the estate for those years, which showed total income for the year 1943 of $32,156.83 and for the year 1944 of $28,130.23. In arriving at taxable net income for each year the executor included in the deduction for "Amounts distributable to beneficiaries", the amount of $1,200 which he explained in Schedule A on each return to be Novelle Needham's share of the estate's income for that year. Novelle Needham Wiese did not report any income received from the Blum estate in the years 1943 and 1944. She filed no return for the year 1943, and did not include the income received from the estate in 1944 in the joint return filed for that year. In determining the deficiencies involved in these proceedings the Commissioner included the amount of $1,200 *221 in Novelle Wiese's taxable income for each of the years 1943 and 1944, and explained his adjustments in the notices as follows: "It is held that the bequest of $100.00 per month received by you from the Estate of J. J. Blum was paid from income and is taxable income." During the years 1943 and 1944 complete books of account for the estate of Jacob J. Blum had not been set up by the executor. About half of the properties belonging to the estate were located in Cairo, Illinois, and half in Mounds, Illinois. After Blum's death the executor opened a special account in his own name in the First National Bank and Trust Company, Cairo, Illinois, in which he deposited some of the rent from the properties of the estate located in Cairo. The rent received by the estate from these properties in 1943 totaled $7,901.81 and substantially the same amount was received in 1944. The executor collected for Novelle Wiese the rent of $25 a month on the property located in Cairo which was left to her in paragraph Sixth of the will, and also deposited this rent, which totaled $300 in 1943 and $225 in 1944, in the aforesaid bank account. Prior to 1945 no account had been set up on the books of the estate *222 to reflect the payments made to Novelle Wiese under the Fifth paragraph of Blum's will, because the executor was uncertain of the amount of her proportionate share of the Federal estate and state inheritance taxes to withhold from the payments to be made to her under the will. In order to have a record of payments made to Novelle Wiese, the executor used the special bank account heretofore referred to almost exclusively for that purpose during the years 1943 and 1944. At intervals during the year 1943 the executor drew 14 checks on that account payable to Novelle Wiese which totaled $1,225. Included in that amount was $300 rent which he had collected for her and deposited in the account, and the balance of $925 was paid pursuant to the bequest contained in paragraph Fifth of the will. At intervals during the year 1944 the executor drew 12 checks on that account payable to Novelle Wiese, which totaled $1,120. Included in that amount was $225 as rent which he had collected for her and deposited in the account, and the balance of $895 was paid pursuant to the bequest. The source of the money with which the amounts of $925 and $895 were paid was rental income from properties belonging *223 to the estate. After the amounts of the Federal estate and state inheritance taxes had been determined and paid, the executor wrote Novelle Wiese under date of January 2, 1945, as follows: "This is the first chance that I have had to go over the figures. According to my records up to and including the month of December I have paid you the following: Checks
$2695.00
Plumbing bill
8.50
Coal House
5.00
Taxes
52.36
2760.86
2760.86
"I owe you the following: 25 months $84.90
2122.50
Rent Collected
600.00
2722.50
2722.50
38.36
"Leaving a balance due me "If satisfactory with you, I will send you a check for January and February less the amount you owe me, and from then on will send you a check for $84.90 at the beginning of each month." On January 1, 1945, a ledger account was opened on the books of the estate for Novelle Needham. The "terms" of the account were stated " $100 per mo. less taxes $15.10, net $84.90." On August 30, 1945, the following debit entry was made in the account: Pd. by W. H. Eichhorn prior to opening acct. in books, Jan. 1-45 $2,122.50 On the same date a corresponding credit entry was made in *224 W. H. Eichhorn's account on the estate's books. The amount of $2,122.50 was charged against the income of the estate. Petitioner Novelle Wiese filed a complaint against W. E. Eichhorn in the District Court of the United States for the Eastern District of Illinois, a hearing was held in that court in October 1949, and a decision is now pending. The complaint stated in paragraphs 12-15: "12. Plaintiff has always contended and now contends that under the terms of said last will and testament she is entitled to receive from the defendant the net sum of $100.00 per month, commencing at the date of the death of said Jacob J. Blum; but the defendant claims that said will does not so provide, and that such payments did not accrue until four months after said death, and that he is entitled to deduct from said monthly payment due plaintiff certain sums that the defendant claims are proper charges against said payment. This controversy between plaintiff and defendant has existed for several years, and is enlarging in its intensity. Because thereof a state of unfriendliness now exists between the parties hereto. "13. Although plaintiff, under a proper construction of said last will and testament, *225 and the law applicable thereto, is entitled to receive from the defendant the sum of $100.00 per month, from the date of the death of said Jacob J. Blum, the defendant has refused to pay the same. "14. Plaintiff fears that the defendant will dispose of the property given to him by said Jacob J. Blum, as aforesaid, and that plaintiff's right therein as provided by said last will and testament will be lost, or greatly jeopardized. "15. Plaintiff, by reason of the premises, is entitled to have said last will and testament construed and to have the property given the defendant under said will, or so much thereof as the court may deem necessary, set apart for her or impressed with a lien to secure plaintiff's right under said will." Wherefore the plaintiff prayed judgment that Blum's will be construed to mean that upon Blum's death "the defendant W. H. Eichhorn became obligated to pay plaintiff the sum of $100.00 per month from the date of the death of Jacob J. Blum, out of properties acquired by him under the last will and testament of Jacob J. Blum," and for an accounting. The bequest contained in the Fifth paragraph of the will was paid to the extent of $925 in the year 1943 *226 and to the extent of $895 in the year 1944 out of income from property of the estate of Jacob J. Blum. The petitioner, Novelle Wiese, has not shown that her failure to file an income tax return for the year 1943 was due to reasonable cause and not due to willful neglect. Opinion The parties agree that payments in cash totaling $925 in 1943 and $895 in 1944 were received by petitioner Novelle Wiese (hereinafter referred to as petitioner) from W. H. Eichhorn, executor of the estate of Jacob J. Blum, deceased, and residuary legatee under his will. It is also clear that petitioner was a beneficiary under Blum's will to the extent of $100 a month, to be paid to her by the residuary legatee W. H. Eichhorn. It is petitioners' contention that the payments made by Eichhorn to petitioner were not paid from income of the estate but from Eichhorn's private account, and that these payments represented loans or advances by him to petitioner. Respondent, however, maintains that these payments are to be considered bequests of income from property under section 22(b)(3), Internal Revenue Code, [1] and constitute taxable income to petitioner in the years of payment. *227 We have found that the bequest in Blum's will of $100 a month to petitioner was paid to the extent of $925 in 1943 and to the extent of $895 in 1944 out of income from property of Blum's estate. To be sure, the bank account at Cairo, Illinois, on which the checks sent to petitioner were drawn, was in the name of W. H. Eichhorn personally, not in the name of the estate. But Eichhorn stated that he knew of no other source of the money he deposited in that account than rental income from property of the estate, (except as to $300 in 1943 and $225 in 1944 in rent from property left to petitioner under the will, which amounts were sent to petitioner and are not included in the above sums of $925 and $895). Moreover, he stated that he used this bank account for record purposes to show the amounts paid to petitioner, and that later on entries were made on the books of the estate to reflect these payments to petitioner. This testimony clearly indicates that the payments here in controversy were in fact made from income of the estate and that the executor so recognized them, regardless of the label which he placed on the bank account from which the payments were made. Nor do we find any *228 merit in petitioners' contention that these payments represented mere loans or advances from Eichhorn to petitioner, until such time as the controversy between them as to the amount due her under Blum's will should be settled. There are none of the indicia of loans present here, such as notes, nor is there any evidence that there was any agreement, oral or written, between the parties that the payments were only made to petitioner as advances, contingent upon, let us say, a decision in a future will contest in her favor. The will, which was duly admitted to probate by the County Court of Pulaski County, Illinois, on August 28, 1942, clearly provided that she was to receive payments of $100 a month from the residuary legatee, W. H. Eichhorn. In the fiduciary return of the estate, filed by Eichhorn as executor, the sum of $1,200 was deducted both in 1943 and 1944 as an amount distributable to the beneficiary, petitioner. He actually sent her lesser amounts, subtracting what he considered taxes on her proportionate share of the Federal estate and state inheritance taxes on her bequest. She received these lesser amounts subject to no obligation except in so far as any type of payment under *229 a will or a contract, or any act in this life involving money or property, may always be a possible subject of later litigation. Moreover, as petitioner stated in her complaint in the suit she filed against Eichhorn in the District Court of the United States for the Eastern District of Illinois, the controversy between petitioner and Eichhorn centered mainly around his deduction of amounts from the $100 payments. Respondent here is not seeking to tax her upon the full amount of the bequest of $100 per month, whether or not she was entitled to that full amount, but only upon the amounts she actually received of that bequest, i.e., $925 in 1943 and $895 in 1944. Under section 161(a)(3), Internal Revenue Code, the taxable income of estates includes "income received by estates of deceased persons during the period of administration or settlement of the estate." Here Blum's estate was in process of administration. As said in Commissioner v. Stearns (C.C.A., 2nd Cir., 1933), 65 Fed. (2d) 371: "* * * income received 'during the period of administration' is to be distributed only by way of settlement, intermediate or final, when the administration has *230 gone far enough. Such distributions, and distributions at the discretion of the fiduciary, must be actually made, or irrevocably fixed, before they become the beneficiary's as of right. They should appear in the fiduciary's return, if they are still his; in the beneficiary's, only in case he has become presently entitled to them, or received them." [Italics supplied.] Here the beneficiary, petitioner, received distributions in the amounts noted and these amounts were taxable to her. Finally, there is no question but that the bequest of $100 per month was to be made "at intervals" within the language and meaning of section 22(b)(3) of the code. See Raye E. Copeland, 12 T.C. 1020; Alice M. Townsend, 12 T.C. 692. We have found that the payments actually made were made out of income from property of the estate. Therefore, they must be considered a bequest of income from property and as such are taxable to petitioners under section 22(b)(3). We held that the amount of $925 is includible in the taxable income of petitioner Novelle Wiese for 1943, and the amount if $895 is includible in the taxable income of petitioner Novelle Wiese for 1943, and the amount *231 if $895 is includible in the taxable income of petitioners Harold P. Wiese and Novelle Wiese for 1944. With respect to the 25 per cent penalty asserted under section 291 of the code against petitioner Novelle Wiese, the record shows that she failed to make and file the required income tax return for the year 1943, and that no evidence was offered by her to show that such failure was due to reasonable cause and not due to willful neglect. Consequently, the 25 per cent penalty on any deficiency redetermined for the year 1943 is mandatory. Kimble Glass Co., 9 T.C. 183, 191; Oak Commercial Corp., 9 T.C. 947, 955. Decisions will be entered under Rule 50. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(b) Exclusions from Gross Income. - The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *
(3) Gifts, Bequests, Devises, and Inheritances. - The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.↩