The Charles W. Somers Trust George E. Frey and D. Somers Clarke, Trustees v. Commissioner.
The Charles W. v. Commissioner
Docket No. 24193.
United States Tax Court
1952 Tax Ct. Memo LEXIS 336; 11 T.C.M. (CCH) 79; T.C.M. (RIA) 52020; January 29, 1952
Benjamin F. Fiery, Esq., 1956 Union Commerce Bldg., Cleveland 14, Ohio, and William H. Fleming Esq., for the petitioners. Clarence E. Price, Esq., for the respondent RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined income tax deficiencies in the aggregate amount of $3,462.30 for the calendar years 1944, 1945, and 1946. The petitioner is a trust established under the will of Charles W. Somers, and the proposed deficiencies arose as a result of the Commissioner's disallowance of a deduction of $6,000 each year on account of payments made by the trustees to Mr. Somers' widow, provision for a $6,000 annuity after Mr. Somers' death having been made in an antenuptial contract. This case was submitted on a stipulation of facts, which is *337 hereby adopted as our findings, and therefore need not be repeated here. On January 6, 1930, Charles W. Somers entered into an ante-nuptial agreement with May Alice Gilbert. He agreed that if she should survive him, she was to receive $6,000 annually during her life to be paid out of his estate. Such payments were to be in lieu of all marital property rights and all rights to dower. Mr. Somers died on June 29, 1934, a resident of Port Clinton, Ohio, survived by his widow, May Alice Somers. By a will, to which two codicils had been attached, Mr. Somers had undertaken to make provision for the foregoing $6,000 annuity to his wife. After the probate of the will, considerable litigation followed in the Ohio courts with respect to Mr. Somers' estate and the anteunptial agreement, which was held by the Court of Common Pleas to be "a valid, subsisting and enforceable contract". It was also held, in a second case in the Court of Common Pleas, that Mrs. Somers could elect to take either under the decedent's "last will and testament and the codicils thereto", or "under the law", i.e., the ante-nuptial agreement. Although it is not clear as to precisely what significance attaches to the making *338 of such election, the widow has never made any such election. A decision in still further proceedings, rendered by the Probate Court on December 30, 1938, is susceptible of being interpreted as characterizing Mrs. Somers as a creditor of the estate, and in a letter dated December 2, 1949, a judge of the Probate and Juvenile Court, Ottawa County, Port Clinton, Ohio, purported to render a decision to the effect that Mrs. Somers is a "creditor" of the estate and that she is entitled to a citation to make an election to become a beneficiary under the will. As noted above, no such election has ever been made. Under orders of the Court of Common Pleas and the Probate Court, the trustees were ordered to pay Mrs. Somers $6,000 a year out of income, but if such income were insufficient, then out of principal. The income from the trust estate has been sufficient each year to pay all income charges of every kind, including the payment of $6,000 a year to Mrs. Somers. Pursuant to the foregoing orders, the payments were made in monthly installments of $500 each by the trustees out of the income of the trust estate in each year up to and including the taxable years 1944, 1945 and 1946. The Commissioner *339 has required Mrs. Somers to treat the $6,000 a year as taxable income for the years involved, and, in order to protect the revenues, has taken the inconsistent position herein that the trust is not entitled to deduct that amount. See Sections 22(b)(3), and 162(b) and (d)(1), Internal Revenue Code. We think that this case is ruled by Alice M. Townsend and Estate of W. B. Townsend, 12 T.C. 692, affirmed, 181 Fed. (2d) 502 (C.A. 6), holding, in similar circumstances, that such payments are taxable to the widow and deductible by the fiduciary. Both the respondent and Mrs. Somers, as amicus curiae herein, urge that the present case is distinguishable from the Townsend cases because Mrs. Somers has been adjudicated to be a "creditor" of the estate. Passing the question as to the precise nature of that adjudication, we think there is no distinction of substance between this case and the Townsend cases. This Court noted there that (p. 693) "The payments in question were made because they were required by the terms of the prenuptial agreement". The widow in that case was just as much a "creditor" as Mr. Somers' widow. The same result must be *340 reached here. Decision will be entered for the petitioner.