**Kay M. OFFUTT, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 8006.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 18, 1960.

Decided March 15, 1960.

Weaver W. Dunnan, Washington, D. C. (Gordon D. Henderson, Washington, D. C., on brief) for petitioner. Morton K. Rothschild, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before SOPER and BOREMAN, Circuit Judges, and PAUL, District Judge.

SOPER, Circuit Judge.

This appeal raises the question whether certain annual payments received during the years 1950 to 1953 by Mrs. Karen (Kay) M. Offutt, the taxpayer, from the trustees of the estate of her deceased husband, Daniel E. Offutt, pursuant to a settlement based on a prenuptial agreement, were taxable income under §§ 22 (b) (3) and 162 of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. §§ 22(b) (3), 162, to the extent that the payments were made out of the income of the trust estate. Also involved is the imposition of an additional tax for the year 1953 for failure of the taxpayer to file a return for that year. The Tax Court held against the taxpayer on both questions.

On December 27, 1928, Daniel E. Offutt and Karen Marie Stenholm, the taxpayer, residents of Garrett County, Maryland, entered into a prenuptial agreement under which, in consideration of her promise of marriage, he agreed to cause to be paid to her upon his death the sum of $5,000.00 in each year thereafter during the term of her natural life or until she remarried, and in case of her remarriage to cause to be paid to her within one year thereafter, in lieu of the annual payments the lump sum of $10,000.00 in full settlement of all claims or dower rights which she might have against his estate as his widow.

The marriage took place on April 11, 1929, and a son, Daniel E. Offutt, Jr., was born of the union on August 4, 1931. The husband died on August 20, 1943, leaving a net estate of at least $400,-000.00. By a will dated January 9, 1943, he confirmed and ratified the prenuptial agreement but made no other provision

for his wife. All of the residuary estate was left to trustees for the purposes of (1) carrying out the terms of the prenuptial agreement and (2) paying out of income from the estate such sums as might be necessary to maintain and educate the son until he was twenty-one, and thereafter paying him out of income such sums as the trustees should deem necessary and desirable for his support until he attained the age of thirty. Thereafter, at the ages of thirty and thirty-five, the trustees were authorized to pay him the sum of $25,000.00 out of corpus or to continue the monthly allowances until he became forty years of age. At the age of forty the trustees were directed to pay the entire balance of the estate to the son unless his mother should then be still living and unmarried, in which event the trustees were directed to invest an amount sufficient to pay the annuity to her until her death or remarriage, whereupon the amount remaining was to go to the son.

Upon the probate of the will, the widow filed a renunciation and an election to take her legal share of the estate. She also filed a suit to set aside the prenuptial agreement. These claims, however, were settled by an agreement between her and the parties interested in the estate, which modified the prenuptial agreement by providing that in the event of her remarriage she would receive an annual payment of $2500.00 instead of the lump sum of $10,000.00. Under this settlement the taxpayer also received certain furniture and a cash payment of $12,500.00 to defray her legal expenses. The payments under the settlement were to be made to her without deduction for any state or federal inheritance or succession taxes. This settlement again was ratified by the Circuit Court of Garrett County, Maryland, on September 1, 1944.

The instant suit grows out of the imposition of a federal income tax on the payments made to the widow by the trustees of the husband's estate. The payments were made in compliance with the terms of the settlement except during certain years when the government levied upon funds in the hands of the trustees to satisfy the tax liabilities of the widow. The fiduciary income tax returns of the trust estate show that the trustees paid to the beneficiaries the sums set out below, and the Government's position is that insofar as the payments to Mrs. Offutt were made from the income of the trust estate they constitute taxable income to her under the federal income tax statutes. According to these returns the amounts paid to the taxpayer and her son and the portions thereof taken from the income of the trust estate were as follows:

| | | Amount Distributed | | Payable from Income | |
| | | | D. E. | | D. E. |
| Year | Net Income | Mrs. Offutt | Offutt, Jr. | Mrs. Offutt | Offutt, Jr. |
| 1950 | $5,919.09 | $5,000.00 | $2,500.00 | $5,000.00 | $ 919.09 |
| 1951 | 5,912.89 | 5,000.00 | 2,500.00 | 3,941.93 | 1,970.96 |
| 1952 | 6,079.99 | 5,000.00 | 2,500.00 | 4,053.33 | 2,026.66 |
| 1953 | 6,909.53 | 5,000.00 | 2,554.14 | 4,573.42 | 2,336.11 [1] |

————◆————

1. Although the trustees fiduciary income tax return for the year ended February 15, 1950, shows a net income of $5,919.09, of which $5,000.00 was distributed to the taxpayer and $919.09 was paid to her as the guardian of her son, the Commissioner's notice of deficiency, for some unexplained reason, charged the taxpayer the taxable income of only $4,161.01 of the $5,000.00 received by her.

The case is governed by the provisions of § 22(b) (3) and § 162 of the Internal Revenue Code of 1939, as amended by § 111 of the Revenue Act of 1942.[2] Section 22(b) (3) as so amended provides (as explained in § 29.22(b) (3)–1 of Treasury Regulations 111) that property received as a gift or under a will is not includible in gross income, but if the gift or legacy is of income it is includible in gross income. An amount of *principal* paid under a marriage settlement is a gift. Gifts and bequests, which by their terms are to be paid or distributed at intervals, are governed by a special rule to the extent that if any such gift or bequest is paid or is to be distributed out of income it is to be considered a gift or bequest of income.

In other words, the amended section provides the same treatment for income paid or to be distributed under a gift or bequest whether the donee or legatee has the right to receive income or the right to payments at intervals regardless of income. In either case the amounts received are includible in gross income to the extent that they are paid or to be distributed out of income.

Section 162 of the 1939 Code, which regulates the computation of net income of an estate or trust, was also amended by § 111(b), (c) and (d) of the Act of 1942 to correspond with the changes in § 22(b) (3) relating to the computation of the net income of individuals. See also § 29.162–2 of Treasury Regulations 111 under the Internal Revenue Code of 1939, as amended by T.D. 5951, 1952–2 Cum.Bull. 81, 89.

Applying these statutes to the facts of the case, the Government contends that the decision of the Tax Court was correct because the payments to the taxpayer were payable at intervals and could be made out of principal or income of the trust, and the amounts of trust income allocated to the taxpayer by the trustees did not exceed the distributable income of the trust estate. The decision of the Tax Court, in approval of this contention, was based on its prior decision in Alice M. Townsend, 12 T.C. 692, which was affirmed by the Sixth Circuit, 181 F.2d 502. In that case the taxpayer received monthly payments from the estate of her husband in conformity with the terms of a prenuptial agreement, the payments to be in discharge of all other claims to any part of the estate. Under the agreement, the payments were to be made at intervals without regard to the availability of income, and they were actually paid out of income, and accordingly the court held that they fell squarely within the terms of the amended statute and were taxable to the widow.

On the other hand, the principal contention of the taxpayer is that § 22(b) (3) of the 1939 Code as amended is not

---

2. Internal Revenue Code of 1939:

"§ 22. Gross Income. * * *

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * *

(3) [As amended by Sec. 111(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798] *Gifts, bequests, devises, and inheritances.* The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property: * * * *"

The amendments to the statute were made to prevent tax avoidance and inequities incident to the construction of the earlier statute in Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, which held that an annuity paid out of the income of a trust estate was a gift excludable from the gross income of the annuitant, and in Helvering v. Pardee, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, which held that a trust could not claim a deduction from gross income for sums paid as annuities if the payments could be made from income or capital.

applicable to this case. It is said that the payments received by the taxpayer from the trustees were not made to her as a donee or legatee or as a beneficiary of the trust under the will, but under the terms of the prenuptial agreement; and that an interpretation of the will by the Circuit Court of Garrett County, Maryland, supports this argument. This interpretation was made in a proceeding brought by the taxpayer against the trustees on March 23, 1953, in which she challenged the right of the trustees to pay her annuity out of income and subject her to the federal income tax thereon. She claimed that her annuity was a charge upon the corpus and not on the income of the estate, which had been established for the sole benefit of her son; and she asked the court to hold that she had no obligation to pay an income tax on payments made to her but that it was the duty of the trustees to pay the tax on all the income coming into their hands. The case was submitted to the judge on a stipulation of facts. He disclaimed any power to pass on the tax obligations of the parties, but he undertook to decide whether the annuity was payable out of principal or income of the estate.

He held that the income of the trust estate constitutes a special trust fund for the support and maintenance of the son and that the widow was not a beneficiary of the trust estate or the income derived therefrom; but he also held that the annual payments to the widow under the prenuptial agreement and her supplemental agreement with the trustees were a charge against the entire trust, payable from principal if necessary. He found as a fact that the trustees had reported to the Circuit Court of Garrett County that the payments to the widow had been made from income and had been so charged by the auditor of the court without objection on the part of the taxpayer. He found, however, that to enable this to be done the trustees had improperly charged against principal certain commissions and fees which should have been charged against income, and

he accordingly refused to ratify the 1953 report of the trustees as filed and ordered it to be restated in accordance with his opinion.

Obviously this decision does not support the taxpayer's contention that the annual payments to her must be paid from the principal, for the judge, while holding that the income constitutes a special trust fund for the benefit of the son, approved the trustees report showing the payment of the annuity out of income after directing the restatement of the account so as to charge against income certain items improperly charged by the trustees against capital. In short, the judge held that the income of the estate may be used to pay the annuity of the widow after the prior claims of the son and the proper charges of the trust estate have been satisfied.

 It follows that the decision of the Tax Court was based upon the correct theory and should be affirmed if the payments to Mrs. Offutt were in fact made in their entirety from the income of the estate. We are unable, however, to reach the conclusion, upon the record before us, that this was done in this case. The Commissioner offered in evidence, in support of his position, the documents referred to in the above recital of facts, including the fiduciary returns of the trustees and also the opinion and decree of the judge in the Garrett County proceeding. From these papers it clearly appears that the income from the trust estate was not distributed in accordance with the will of the husband, as construed by the State court. The income was apportioned by the trustees two-thirds to the widow and one-third to the son to correspond with the ratio between the annual payments of $5,000.00 to the widow under the prenuptial agreement, as modified by the settlement, and the annual payments of $2500.00 to the son in the exercise of the discretion of the trustees under the will. This distribution, however, conflicts with the determination of the judge of the State court that the income from the trust estate constitutes a special trust

fund for the support and maintenance of the son. It was therefore the duty of the trustees, first, to use the income of the trust to meet the needs of the son and to meet the other obligations of the estate properly chargeable to income, and it was only after these obligations had been met that the trustees were justified in applying the balance of the income to the payment of the annuity due to the taxpayer.

The Commissioner, in answer to this point, contends (1) that the will directs that the payments to the son would be paid out of *income* and not out of net income and (2) that, under § 162 (d) (1) of the 1939 Code, distributable income may be either (A) the net income of the trust estate with certain statutory deductions or (B) the income of the estate with certain statutory deductions, whichever is the greater, and that from this record the amount of the (B) distributions is not shown. The taxpayer, on the other hand, takes the position (1) that under the proper construction of the will the payments to the son were to be made out of the *net* income of the estate and (2) that under the distributable income provisions of § 162(d) (1) the taxpayer was entitled only to the income of the estate remaining after the payments therefrom had been made to the son. This question was not considered by the Tax Court and we shall not pass upon it on this appeal but remand it to the Tax Court for determination with leave to either party to take additional evidence.

The final question in the case relates to the imposition of the addition to the tax for the year 1953, under § 291 of the 1939 Code, 26 U.S.C.A. § 291, for the failure of the taxpayer to file a tax return for that year. This section provides that an addition to the tax shall be paid unless "the failure is due to reasonable cause and not to wilful neglect". The record shows that delinquent returns and later amended returns were filed by the taxpayer for the years 1950, 1951 and 1952, but no return was filed for 1953; but the record does not show that the taxpayer was advised that it was unnecessary to file the return for 1953 or furnish any other explanation for her failure to do so. In this situation the imposition of the additional tax was justified. See Henningsen v. Commissioner, 4 Cir., 243 F.2d 954.

The decision of the Tax Court will therefore be vacated and the case remanded for further proceedings in accordance with this opinion.

Vacated and remanded.