THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK AND OTTO W. SARTORIUS AS EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF OTTO SARTORIUS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89542. Promulgated June 7, 1939.

*Edward N. Perkins, Esq.,* for the petitioners.
*E. O. Hanson, Esq.,* and *Thomas H. Lewis, Esq.,* for the respondent.

OPINION.

DISNEY: This proceeding involves income taxes for the period January 22 to December 31, 1934. Deficiency of $4,290 was determined by the respondent, and the total amount thereof is in issue.

The facts have been stipulated, except certain facts placed in evidence by testimony, from which we find the following additional facts: The $8,250 involved in this proceeding was paid to Annie Sartorius by check on December 17, 1934. At that date the estate had about $31,000 income accumulated, ample to make the payment. The payment was originally charged against principal. Later, on February 21, 1935, the entry was reversed and the payment was charged to income; and it was actually paid out of income. The $10,000 payment to Annie Sartorius was charged to principal. The agreement entered into between Annie Sartorius and the executors and trustees of her husband's estate was approved by the Surrogate's Court after the close of the year 1934. The trust for the security of the payments was not set up until after January 1, 1935. The facts will be referred to herein only so far as necessary to a discussion of the issue. The issue is whether petitioners are entitled to deduction of $8,250 paid either as trust income currently distributable under section 162 (b) of the Revenue Act of 1934, or on the theory that it is taxable to an annuitant under section 22 (b) (2).

The facts controlling here may be epitomized as follows:

The $8,250 in question was paid during the taxable year to Annie Sartorius, the widow of Otto Sartorius, deceased, who died a resident of Pennsylvania. The deceased's will gave to his widow an annuity of $9,000 for life. After his death, she threatened to enforce her rights as a widow, adversely to the will, unless $9,000 additional for life was provided for her. The deceased's net estate was $1,041,830.91 and the widow under the law of Pennsylvania was entitled to receive $371,448.72. About October 25, 1934, she made an agreement with the petitioners as executors and trustees under the will of the deceased husband, providing that she should receive a lump payment of $10,000 and an additional $9,000 per year for life. The payment thereof was to be out of the residue of the decedent's estate remaining after payment of all legacies, including the provision for $9,000 annuity to the wife as provided by the will, and as security for the payment of the additional $9,000 annuity the executors and trustees agreed to set aside out of the residue of the estate securities or a sum sufficient in their sole judgment to yield a net income of $9,000 per year, and to invest and reinvest same, receive the income, and, out of the net income therefrom and also out of the principal of said securities or fund if the net income should not be sufficient, to pay Annie Sartorius $9,000 per year for life. In consideration thereof she waived her right to elect to take against the will and during the year received under the agreement (in addition to a like amount under the will) $8,250 here involved as income, for and on account of the eleven months of that year commencing with the first day of February (the husband having died January 21, 1934).

We think the question has been answered by cases of high authority. *Lyeth* v. *Hoey*, 305 U. S. 188, dictates that Annie Sartorius received the payment in question by way of inheritance, albeit through a compromise settlement. She would then not be taxable thereon and, considering the complementary nature of taxation of heir and fiduciary, the fiduciary would prima facie not be entitled to deduction of the amount paid. *Helvering* v. *Butterworth*, 290 U. S. 365, and *Bush* v. *Commissioner*, 89 Fed. (2d) 596. Petitioners seek, however, to distinguish the situation herein from that involved in the cases above cited by urging, in effect, that Annie Sartorius was entitled to payment, not from the estate of her deceased husband, but from a trust set up and from income of funds or securities held by such trust, the consideration received by her in the compromise agreement being, not the moneys to be received, but the benefits of a position as beneficiary under the trust. We think petitioners misconceive her situation. Payment to her was promised "out of the residue of the estate." The quoted expression appears in words or effect four times throughout the agreement between the executors-trustees and Annie Sartorius, and the executors-trustees "agree to pay Annie Sartorius out of the residue of the decedent's estate." It is in addition to this promise "and as security for the payment" that they "agree to set aside out of the residue of the estate securities or a sum" to be held invested and reinvested and "out of the net income therefrom (and also out of the principal of said securities or fund thus set aside if at any time said net income shall not be sufficient) to pay unto said Annie Sartorius in each year during her life the sum of Nine Thousand dollars." The consideration was the surrender of an interest in the estate. Though suggestion is made as to consideration through an oral contract with the husband, no proof thereof is made. It is plain both that the setting aside of securities was by way of security, and that payment was to be at all events, if necessary, from the corpus or residue of the estate, and in our opinion Annie Sartorius did not accept a mere status as beneficiary of a trust in lieu of that of heir to the estate. Nor is it material that the payment of $8,250 to her in the taxable year was actually from income. The agreement did not so limit it. *Elizabeth G. Heywood*, 11 B. T. A. 29; *W. S. Tyler Estate*, 9 B. T. A. 255; *Marion Shainwald Sevier*, 14 B. T. A. 709 (717).

If payments made by trustees under a will do not depend upon income, they are made in discharge of a gift or legacy and are not taxable. *Helvering* v. *Butterworth, supra; Burnet* v. *Whitehouse*, 283 U. S. 148, 151. *Lyeth* v. *Hoey, supra*, applies the principle to payments received through compromise, as by inheritance, and we think it applies fully here. In *Benefield* v. *United States*, 27 Fed. Supp. 57, the Court of Claims, following the above cases, applied it in a

situation very similar to that herein. An annuity was paid to a widow from trust income and corpus, by agreement among heirs, under an unexecuted will and in disregard of an executed will, which had provided for the widow a smaller annuity. As herein, the trustees set aside certain assets as a trust fund for the purpose of making the payments, which were made partly from the income of such trust fund and partly from the corpus thereof—exactly as might have transpired herein. There the United States made the same plea as herein, in effect, urged by petitioner, that the widow was a beneficiary of a trust, and not a legatee. The court held, upon a broad view of the cases from the Supreme Court hereinabove considered, that the payments were a charge upon the whole estate, that the annuity did not depend upon income from the trust estate, and that the widow was not taxable upon payments received. The same is true here, and the fiduciary was not entitled to the deduction claimed, upon a theory that the payments were distribution of income.

We come to the same conclusion as to the theory urged that Annie Sartorius was taxable as annuitant under section 22 (b) (2) of the Revenue Act of 1934. As respondent points out, if the matter is viewed as an annuity purchased by surrender of a one-third interest in the estate, the widow would take contrary to the will, would not receive under it the other annuity of $9,000 per year (not herein involved because not claimed and paid from income) and the resultant $18,000 yearly annuity surrendered is to be compared with the taxable 3 percent of consideration paid for the annuity—with the result that such consideration being the stipulated $371,448.72 value of the widow's one-third interest, 3 percent thereon (after deducting therefrom $10,000 paid to the widow from corpus) would be $10,483.46, so that such annuitant, even upon petitioners' own theory would, to a considerable extent, not be taxable upon the $18,000 per annum received by her, and to that extent there is no valid argument that taxation to the annuitant relieves the payor of the annuity from taxation. Moreover, taxability to annuitant does not necessarily indicate deduction for the payor of annuity. *Hoe Estate Co.* v. *Commissioner*, 85 Fed. (2d) 4. However that may be, since we have above concluded that under *Lyeth* v. *Hoey, supra,* there is no difference in principle between the situation as to widow taking under the will and one taking as here by agreement contrary to it, we apply the language of the Court in *Helvering* v. *Butterworth, supra:*

When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. * * *

Here the widow elected to take, by compromise, a portion of the estate, payable if necessary from corpus thereof, and took by inherit-

ance and not by purchase. We conclude that the respondent did not err in denying the deduction upon either theory advanced by petitioner.

*Decision will be entered for the respondent.*