LUCILE BRIAN HARRISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90919. Promulgated May 22, 1940.

John O. Snook, Esq., for the petitioner.
Alvin B. Peterson, Esq., for the respondent.

**OPINION.**

BLACK: Petitioner contends that the $21,041.41 in controversy, under the terms of the agreement had to be paid in all events, out of the principal of the estate as well as out of income and, therefore, the rule governs which was laid down by the Supreme Court of the

United States in *Burnet* v. *Whitehouse*, 283 U. S. 148; and *Helvering* v. *Pardee*, 290 U. S. 365, and that as a consequence the $21,041.41 is neither income to petitioner nor was it deductible from the income of the estate of decedent, John H. Harrison, in making its own income tax return. In our opinion the two cases above cited are not applicable to the question which we have here to decide.

If the $21,041.41 in question was paid to petitioner as interest or as compensation in lieu of income from a delayed testamentary trust of which she was the principal beneficiary, it is taxable to her regardless of what fund it was paid from. Cf. *Minnie L. Wolf*, 32 B. T. A. 959; affd., 84 Fed. (2d) 390. In that case, among other things, we said:

> \* \* \* Once the proposition is accepted that the amount is interest and received by the petitioner as such, it matters not what the source of the interest is; and, just as in the *Whitehouse* case it was said that annuities are tax free irrespective of the adventitious fact that they may in one year be paid from income and in another year from corpus, so interest is taxable irrespective of whether it be paid from income or corpus. \* \* \*

But, says petitioner in the instant case, the $21,041.41 was not interest, *qua* interest, and that calling it by that name in the compromise agreement does not make it interest. Petitioner cites in support of that contention numerous decisions by the Board and the courts which have held that the mere calling a payment "interest" does not make it interest if the facts show that it is not such. We are in agreement with these decisions and feel that it is unnecessary to discuss them in detail.

In view of the fact that decedent by the terms of a prenuptial agreement expressly agreed that he would set aside $250,000 of his property in his will to be held in trust for and during the natural life of petitioner, of which she should receive the entire net income for life, and in view of the fact that decedent's will expressly recognized the validity of this prenuptial agreement and the further fact that notwithstanding these provisions, such payment has never been made by the executors to the testamentary trustee, we do not think the compromise agreement does violence to the usual and ordinarily understood meaning of the term "interest" when it says that, "the said executors shall pay to the party of the first part [petitioner] interest at the rate of six per cent. (6%) on the Three Hundred Thousand Dollars ($300,000) which the will of John H. Harrison provides shall be paid by said executors to Chicago Trust Company, of Chicago, Illinois, as Trustee for the party of the first part \* \* \*."

But even if the $21,041.41 here involved can not be correctly denominated "interest" within the meaning of the word as used in

section 22 (a) of the Revenue Act of 1928, we still think it is taxable to petitioner. If the $300,000 testamentary trust had been set up as directed by decedent's will and the income therefrom paid to petitioner, it is true that it would not have been interest paid to her. Nevertheless, the income from the testamentary trust would have been taxable income to petitioner. *Irwin* v. *Gavit*, 268 U. S. 161.

Although the decedent has now been dead more than ten years, the testamentary trust which the will directed should be set up has never been set up. However, by agreement which seems to be satisfactory to all the interested parties, the petitioner is being paid, in lieu of the income from such a trust, 6 percent on $300,000, less a credit of $150 per month paid to Caroline Sims, the other beneficiary of the testamentary trust. These payments presumably are being made quarterly to petitioner on the last days of March, June, September, and December, respectively. Also, it seems clear that such payments are being made out of income of the estate, for paragraph 3 of the compromise agreement, from which we have quoted in our findings of fact, contains, among other things, the following language: "said trust fund cannot be paid under the terms of said will until the stock of the deceased in the Commercial-News is sold, and during said interim the earnings of said stock in said Commercial-News will be more than the six per cent. (6%) interest herein provided for to be paid to the party of the first part." Can it be said that such payments, even though strictly speaking they are not interest, are not taxable income to petitioner? For reasons we have already stated, we think no such contention can soundly be made. Petitioner contends that if *Burnet* v. *Whitehouse*, *supra*, and *Helvering* v. *Pardee*, *supra*, are not sufficient authority to exclude such payments from taxable income, then certainly the recent Supreme Court decision in *Lyeth* v. *Hoey*, *supra*, would exclude them. Petitioner contends that there is no difference in tax incidence between the $100,000 payment made to petitioner under the compromise agreement and the $21,041.41 made to her under the same agreement. We can not agree.

It is clear that the $100,000 payment was made to her not under the will, but because she was the sole heir, under the laws of the State of Illinois, of decedent John H. Harrison, and it is equally clear that under *Lyeth* v. *Hoey*, *supra*, none of this $100,000 is taxable income to her. The Commissioner concedes as much and no longer contends that petitioner owes any deficiency for 1931.

While it is true that payment of the $21,041.41 was made under the same compromise agreement as the $100,000, we do not think that the nature of the two payments is the same. It seems perfectly clear to us that this $21,041.41 payment was made to petitioner

not because she was the sole heir to John H. Harrison, but to carry out the terms of a prenuptial agreement recognized in the will, and was in lieu of income which she otherwise would have received under the will from a testamentary trust which has never been set up. The compromise agreement seems to clearly show that fact. So far as the record shows, petitioner is still receiving these payments at the rate of 6 percent per annum on $300,000 less the $150 per month paid to Caroline Sims. If the $21,041.41 in question is not taxable to petitioner because of *Lyeth* v. *Hoey, supra,* then by the same line of reasoning none of these subsequent payments of 6 percent on $300,000 would be taxable to petitioner.

We do not think that *Lyeth* v. *Hoey, supra,* stands for so broad a doctrine as that. In her brief, petitioner, in addition to the authorities which we have already discussed, strongly urges as a decision in her favor the Board's recent decision in *Chase National Bank of the City of New York et al., Executors,* 40 B. T. A. 44. We think that case is distinguishable on its facts from those in the instant case. There the widow by compromise agreement was to receive an annuity of $9,000 for life, payable in all events whether there was income or not, in addition to an annuity of $9,000 which she was already entitled to receive under the will of her deceased husband. It is plain that this additional life annuity of $9,000 which she received was as an heir of decedent, and not as an income beneficiary under the terms of the will, just as it is plain in the instant case that petitioner received the $100,000 as an heir of decedent. Under the circumstances narrated above, we held in the *Chase National Bank* case that both *Burnet* v. *Whitehouse, supra,* and *Lyeth* v. *Hoey, supra,* forbade the taxing of the $9,000 annuity to the widow or allowing it as a deduction from the income of the estate. For the reasons already stated, we do not think such a rule applies to the $21,041.41 here in question. This $21,041.41 was no part of an annuity, as we view it, but was income received from the estate in lieu of other income which would have been received if the testamentary trust had been set up. As to this item we sustain the Commissioner.

Reviewed by the Board.

*Decision will be entered that there is no deficiency and no overpayment in income tax for the year 1931.*