Helen R. Goldman v. Commissioner.
Goldman v. Commissioner
Docket No. 112259.
United States Tax Court
1943 Tax Ct. Memo LEXIS 177; 2 T.C.M. (CCH) 523; T.C.M. (RIA) 43360; July 28, 1943
*177 Michael Cohen, Esq., 225 Broadway, New York City, for the petitioner. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: In addition to resisting a deficiency in income tax for the year 1939 determined against her in the amount of $546, petitioner claims an overpayment of $359.43. All of the facts have been agreed upon, and are hereby found in accordance with the stipulation. Petitioner resides at New York City, and filed her income tax return with the collector of internal revenue for the third district of New York. One error assigned has now been conceded by respondent. The remaining issue involves the taxability of payments made to petitioner as a consequence of the settlement of a dispute arising upon the death of her husband and in connection with the probate of his will. This occurred in 1922 immediately following the husband's death, and was embodied in a four-cornered agreement among petitioner, the three children of petitioner's husband by a former marriage, who were the residuary legatees, the trustees under a testamentary trust, and the executors of the husband's will. The provision of that agreement which gives rise to the present controversy *178 is as follows: FOURTH: The said Helen R. Goldman [petitioner] is to receive on the first day of February, 1922, the sum of six hundred and thirty-eight dollars and forty-five cents ($638.45) and thereafter on the first day of each and every month, and the first day falling on Sunday then on the preceding day, the sum of seven hundred ninety-one dollars and sixty-seven cents ($791.67) to be paid to her at the City of St. Louis, Missouri, by the said Parties of the First Part [the residuary legatees] until her death or remarriage. None of the payments received by petitioner was reported by her for income tax purposes until 1933 by which time $106,054.29 had been received. In 1933 a part, and from 1934 through 1938, the entire amount, of $9,500 was reported by her each year as ordinary income. In 1939, although the entire amount was again reported, only 50 percent was treated as taxable, on the theory of a long-term capital gain, accompanied by the following explanation: Installment arrangement with May Goldman Rice, Florence Goldman May, Alvin D. Goldman - St. Louis in January, 1922, in settlement of will contest, decided by Commissioner to be reportable after aggregate receipts *179 equal value of rights surrendered. Total receipts for 1939 reported herein as Sales. Petitioner's present position is that she was not required to report any part of the payment in question and as a result, in addition to contesting the deficiency, she asserts the claimed overpayment. It is stipulated by the parties that: The value of any further rights or interest of petitioner in her husband's estate on January 21, 1922 [the date of the settlement] was $106,054.29. No explanation of the manner in which this value was arrived at and no specification or description of petitioner's rights in her husband's estate, of the physical properties involved or the legal basis on which it may have been asserted, appear. It is, nevertheless, the premise and foundation of respondent's position. Notwithstanding this, we cannot distinguish the present case from The Chase National Bank of the City of New York et al., Executors (Sartorius), 40 B.T.A. 44, in which the approach employed in Lyeth v. Hoey, 305 U.S. 188, is combined with the principle of Helvering v. Butterworth, 290 U.S. 365, to reach the *180 result that the widow there "received the payment in question by the way of inheritance, albeit through a compromise settlement," and that "if payments made by trustees under a will do not depend upon income, they are made in discharge of a gift or legacy and are not taxable. Helvering v. Butterworth, supra;Burnet v. Whitehouse, 283 U.S. 148, 151." It is true the Sartorius case dealt with the claim of the estate to a deduction for the payments to the widow, but the present question was squarely decided in arriving at the conclusion reached upon the controverted issue. We are not convinced that the recovery of a stipulated valuation placed upon the petitioner's claim warrants the taxation of additional amounts received as though the settlement partook of the nature of a sale. The parties have stipulated the fact; they cannot stipulate its relevance. Once it is ascertained that the payments in question were in the nature of an annuity, no part of the payment received by way of inheritance or in lieu thereof is taxable, regardless of how much longer the annuitant may live than the computations of the parties or the expectations *181 of the participants may have contemplated. I.R.C., Section 22 (b) (3). Petitioner asserts in her brief, and it is not unreasonable to assume, that the computed value of petitioner's rights in her husband's estate was based upon an interest of some sort limited by reference to petitioner's life and calculated by resort to her life expectancy. At any rate, the supposition that she could not have secured as great an amount from the estate, assuming the actual length of her life exceeded her expectancy, is at war with the incontrovertible fact that the residuary legatees granted her the very annuity which is in issue and that the settlement agreement recites: The Estate of the said Jacob D. Goldman admits of a present adjustment of all the questions affecting such rights of the said Helen R. Goldman. The inevitable consequence of applying the principles of Lyeth v. Hoey to these circumstances seems to us to require that when petitioner obtained her right to the annuity from the residuary legatees in consideration of her withdrawal of any contest of the will and of her renunciation of rights of inheritance or heirship, her position is not to be considered as different from one *182 who obtains the same result by way of a successful contest; and accordingly, that if a similar annuity granted to her by the will or under applicable law in spite of the will would be non-taxable, then what she received by settling the contest is in the same category. And of the non-taxability of such an inherited annuity there can be no doubt. Helvering v. Butterworth, supra;Burnet v. Whitehouse, supra.It follows, we think, that respondent's determination was in error. See also Benefield et al. v. United States (Ct. Cls.), 27 Fed. Supp. 56. Decision will be entered under Rule 50.