In the Matter of the Construction of the Will of WILLIAM A. MILLEG, Deceased.

Surrogate's Court, Kings County, October 25, 1949.

*George Dyson Friou* for Mary R. Milleg, individually, petitioner.

*John H. Schmid* for Kings County Trust Company, cotrustee, respondent.

*Mary R. Milleg,* cotrustee, respondent in person.

*Hurley, Gray & Kearney* for Society of St. Vincent De Paul in Brooklyn and another, respondents.

*Gillespie & O'Connor* for Society of St. Vincent De Paul in the city of New York, respondent.

*Charles G. Coster* for Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children, respondent.

*Nelson Smith Kirk, 2d,* for Isabel Goodwin and another, respondents.

McGAREY, S. Construction of testator's will is sought by the petitioner, his widow, to the effect that the benefits provided for her under paragraphs "Sixth" and "Tenth" were intended to be net amounts and not subject to decrease by any sum payable by her as income taxes assessed against such amounts pursuant to the provisions of the Internal Revenue Code as amended in 1942. She contends (1) that it was the intention of testator, as expressed by his will, that she was to receive the stipulated sums free of any taxes; (2) that the 1942 amendment to the Internal Revenue Code, with respect to taxes on income occurring after December 31, 1941, cannot and does

not affect the benefits provided for her by the will; and (3) if such rights have been affected by the amendment to the code, the law is unconstitutional.

Testator died January 25, 1939. By the provisions of paragraph " Sixth " of his will, dated March 8, 1929, he directed that the income from his residuary estate to the extent of $250 per month be paid to his widow during her life or until she remarries. By paragraph " Tenth " he directed that in the event the income was insufficient to pay such sum the deficit might be supplied from principal.

The 1942 amendment to the Internal Revenue Code [§ 22, subd. (b), par. (3); § 162] affecting taxable years after December 31, 1941, so far as it is here material, relates to income currently distributable and in effect provides that in all cases the legatee may be taxed to the extent that income is actually distributed to him. (See *Coleman* v. *Commissioner*, 151 F. 2d 235, 238, and footnotes.) It has been stipulated by the parties that the income earned on the residuary fund for the taxable year after December 31, 1941, through the year 1948, has been sufficient to pay to testator's widow the sum of $250 per month, as provided by paragraph " Sixth " of the will. The corporate trustee (petitioner is a cotrustee) has refused to pay out of estate funds the Federal income tax on the $3,000 per annum paid to petitioner since the effective date of the 1942 amendment and this proceeding is the result of such refusal.

The corporate trustee maintains that since 1941 it has been under no obligation to pay from the funds of the estate, the Federal income tax assessed against the income distributable to testator's widow (*Toretta* v. *Wilmington Trust Co.*, 71 F. Supp. 281, 285; *Coleman* v. *Commissioner*, 151 F. 2d 235 [C. C. A. 3d]). Testator's will makes no reference to the source from which income taxes are payable and none of its provisions is susceptible of the construction suggested by the petitioner. In the absence of such direction, the Internal Revenue Code applies and the income taxes are payable, pursuant to the 1942 amendment, by the beneficiary to the extent that the payments are made from income.

The petitioner cites in support of her position, *Commercial Trust Co.* v. *Kohl* (131 N. J. Eq. 233 and 140 N. J. Eq. 294), but it is distinguishable from the factual situation here present. The first proceeding arose prior to the effective date of the 1942 amendment to the Internal Revenue Code and the court construed

the will as directing payment of the amount provided for the widow, free of taxes. In the latter proceeding the court held that under the construction of the will in the prior proceeding the rights of the widow were not affected by the 1942 amendment to the Code (See, also, *Matter of Pflom,* 241 N. Y. 513; *Matter of Ball,* 24 N. Y. S. 2d 432, 436).

In view of the conclusion here reached, the constitutional question raised by the petitioner becomes academic and unnecessary of determination.

Proceed accordingly.