OPINION. Arundell, Judge: The question in this proceeding is whether $7,000 received by petitioner in 1948 under the terms of a trust indenture executed by her aunt was properly excluded from her gross income in 1948 under the provisions of section 22(b) (3) of the Internal Revenue Code.[1] The petitioner contends that the $7,000 gift was a lump-sum payment, payable, in any event, either out of the income or principal of the property held under the trust indenture. The respondent contends, first, that the $7,000 was payable out of the income from the trust property, although the trustees were given discretionary authority to invade corpus, if the income from the trust property were not sufficient to make the payment. Secondly, the respondent contends that, even if the gift were to be found to be payable in any event out of income or corpus, it was not a gift of a lump sum but, rather, of periodic payments which were paid or payable only out of income. The variance between the parties’ positions results from the different tax consequences under section 22(b) (3) of (1) a gift paid.periodically from income from property; (2) a gift of periodic payments of a sum certain payable, in any event, out of income or corpus; and (3) a lump-sum gift payable, in any event, out of income or corpus. A gift of income from property is included[2] in the beneficiary’s gross income under the provisions of section 22 (b) (3). This has been the rule ever since Irwin v. Gavit, 268 U. S. 161. However, before the changes brought about by the Revenue Act of 1942, a different rule obtained where a beneficiary or devisee received a periodic payment of a sum certain payable, in any event, out of income or principal. In this case, the Supreme Court held, before 1942, that the payments were not included in the beneficiary’s gross income, even though paid out of ihcome. Burnet v. Whitehouse, 283 U. S. 148. The 1942 amendment changed the Whitehouse rule insofar as it applied to gifts of “periodic!’ payments. Now, such payments are taxable to the beneficiary to the extent that they are made out of income from property. However, the rule in Burnet v. Whitehouse still applies to lump-sum payments to be made in any event out of income or corpus. P. L. 753, 77th Cong., 2d Sess., sec. Ill; H. Rept. No. 2333, 77th Cong., 2d Sess. (1942), pp. 66-68. We must turn to the provisions of the trust indenture itself, and such other facts that illuminate its provisions, to determine whether the gift is payable out of income or corpus. Basically, our problem is to interpret the provisions of the indenture in the light of the applicable law above. After a full consideration of the provisions of the trust indenture, we conclude that the grantor, Bertha Cone, intended that the petitioner should receive a lump-sum payment, in any event, out of either income or corpus. Reading the instrument as a whole, as it must be read, indicates that Bertha Cone intended that her more distant relatives, such as the petitioner, were to receive specific gifts which were to be “immediate and primary charges and payments” against the trust property. The only support that respondent finds for his position is in the language in paragraph (n). which states that the specific gifts, petitioner’s included, “may” be paid out of principal if income were not sufficient. Contrasting this language with the mandatory language in other parts of the indenture, the respondent argues that Bertha Cone knew how to distinguish between a mandatory direction to her trustees and a discretionary direction. However, we think that “may” in this context is equivocal and is at least as consistent with a mandatory direction to the trustees as it is with a permissive direction. Other parts of the indenture indicate the settlor’s intention more clearly and point to an intention to give specific gifts, in the amounts stated, to her relatives without consideration of whether there was sufficient income to make the payments. The conclusion which we have reached is in harmony with the understanding of the parties, as evidenced by the pleadings and by the order of the state court. Finally, we think there is no merit in respondent’s contention that petitioner’s gift was not a lump-sum gift. We find nothing to support this argument and we think it is answered with the language in the indenture which states that the specific gifts were to be “immediate” charges on the trust which was admittedly large enough to make them. Decision will be entered for the fetitio-ner. SEC. 22. GROSS INCOME. (b) Exclusions From Gross Income. — The following Items shall not be Included In gross Income and shall be exempt from taxation under this chapter: ******* (3) Gifts, bequests, devises, and inheritances. — The value of property acquired by gift, bequest, devise or Inheritance. There shall not be excluded from gross Income under this paragraph, the income from such property, or, In case the gift, bequest, devise, or Inheritance Is of income from property, the amount of such Income. For the purposes of this paragraph, if under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof Is to be made at intervals, to the extent that It is paid or credited or to be distributed out of Income from property, it shaU be considered a gift, bequest, devise, or Inheritance of Income from property; As section 22 (b) (3) states It: “There shall not be excluded from gross Income * * * the Income from such property, or, In case the gift, bequest, derise, or inheritance is of income from property, the amount of such income.”