Joseph A. Cox, S.
The testator bequeathed a portion of Ms residuary estate in trust and directed that Ms widow be paid the net income of the trust and so much of the trust principal as might be required to provide her the sum of $12,000 annually, to be computed from the date of his death and to be paid in equal monthly installments in advance. The testator further authorized the trustees to invade the trust principal in their discretion and to pay the widow an additional sum of $8,000 per annum.
Income of the trust and also portions of trust principal were paid to the trust beneficiary during the fiscal years intervening between June 30, 1949 and June 30, 1954. The trustees filed Federal fiduciary income tax returns for these periods and in such returns reported income in the form of dividends and interest and also reported income in the form of capital gains. In so reporting the trustees deducted from the taxable income of the trust all payments made to the beneficiary wMch, under the terms of the will, would be regarded as net income of the trust. The trustees did not deduct from the reported income any distribution of principal wMch they had made to the beneficiary.
The special guardian representing trust remaindermen in tMs proceeding contends that the income tax returns of the trustees were improperly prepared because their failure to report any part of the capital gains as deductible distributions to the beneficiary imposed upon the trust principal tax charges which should have been borne by the income beneficiary. The question presented by the objection of the special guardian is whether, under the applicable provisions of the Internal Revenue Code, any payment to the beneficiary from the trust corpus was deductible by the trustees in their tax return.
Under the Internal Revenue Code of 1939 amounts paid or required to be paid by a trust during a taxable year were taxable to the trust beneficiary and deductible by the trust only to the extent of the distributable income of the trust for such taxable year. Subdivisions (b) and (c) of section 162 of the 1939 Code provided that income which was required to be distributed by the trust during a taxable year was deductible whether or not such income in fact was distributed. Income not required to be distributed was deductible by the trust only to the extent that actual distribution was made. Amounts distributed out of trust corpus were not deductible by the trust and accordingly were not includible in the income of the beneficiary. The effect of these provisions was to give a tax *898 advantage to a trust beneficiary who received payments from trust principal. (Cf. Helvering v. Pardee, 290 U. S. 365.)
In 1942 subdivision (d) was added to section 162 of the Internal Revenue Code. This enactment was applicable to situations where payments by a trustee could be made out of trust income or trust corpus and the added provision was that the amounts so distributed would be deductions from a trust’s taxable income and includible in the taxable income of the beneficiary to the extent that the aggregate of such payments would not exceed the distributable income of the trust for that taxable year. The statute defined distributable income as the larger of (a) net income less deductions for current income deductible or required to be deducted or (b) income of the trust less such deductions. The words “ net income ” as employed in the foregoing definition (a) meant net income for tax purposes and therefore included capital gains which were reportable as taxable income. The expression “ income of the trust ” as used in definition (b) referred to the figure which would be regarded as income in accordance with trust accounting practice. Applying the statutory definition to the facts here presented it is apparent that the distributable income of the trust exceeded the aggregate of the amounts, other than trust income, which had been paid to the beneficiary and to the extent that such payments to the beneficiary did not exceed the distributable income, the payments should have been considered as income distributed to the beneficiary. Accordingly the objection of the special guardian is sustained.
The fiduciaries filed incorrect tax returns which the Government accepted, presumably without knowledge from the content of the returns that the trust was over-paying its taxes. Such acceptance of the returns did not constitute either a construction of the applicable tax statute or a determination that is binding in this proceeding upon the trust remaindermen. Matter of Kaufman (170 Misc. 436) and Matter of Zietz (121 N. Y. S. 2d 864), cases concerned with the apportionment of estate taxes pursuant to section 124 of the Decedent Estate Law are without application to the facts herein.
The will is construed as limiting invasions of principal to the total sum of $8,000 in any one year. The authority so granted does not operate cumulatively so as to permit an invasion of principal of more than $8,000 in one year provided the full discretionary authority had not been exercised in a prior period. The second objection of the special guardian is sustained.
Submit decree on notice.