Joseph A. Cox, S.
In this construction proceeding the court is asked to determine whether petitioner (the widow) or the trust itself must bear the income taxes on payments made to her under the will.
Under paragraph Fifth thereof testator created a residuary trust of not exceeding $150,000, to pay the entire income to his wife for life in quarterly, or if convenient, monthly installments, with power of invasion of principal in the discretion of the trustee, for her benefit should an emergency arise. Subdivision (c) provides: “ (c) In the event that the income of the trust at any time is insufficient to permit the payment to my said wife at the rate of at least Two Hundred Dollars ($200.00) per week, my trustees are authorized and directed to pay to her out of the principal of the trust the difference between the net income available, for distribution out of the trust and the said sum of Two Hundred Dollars ($200.00) per week.”
Subdivision (e) provides: “ (e) Upon the demise of my wife, I give and bequeath the remaining assets contained in the said trust to my then living nephews and nieces, in equal shares.”
Paragraph Sixth provides that in the event there is any excess over $150,000, he gives the rest and remainder to his brothers and a nephew.
The gross estate exceeded $400,000. The administrators c. t. a. have accounted and all estate taxes have been paid. The trust of $150,000 has heretofore been set up and the widow has been receiving $200 a week therefrom, made up to a considerable extent by invasions from principal.
Petitioner contends that the provisions for her benefit constitute an annuity which, so far as income taxes are concerned, was to be a charge upon the entire trust fund so long as the widow lives, to be satisfied in the same manner as any ordinary interest is satisfied under a will; that the intention of testator in this respect may be gleaned from a reading of the will as a whole. The corporate trustee maintains that said taxes are chargeable against the donee of the income to the extent that payments to her consist of true income, without any resulting increase in the amounts paid to her from the trust. The remaindermen appear to agree with the latter so far as Federal taxes are concerned, but with petitioner in respect of New York income taxes.
Petitioner relies on Helvering v. Butterworth (290 U. S. 365) and Burnet v. Whitehouse (283 U. S. 148) as to Federal income *827 taxes, and on People ex rel. Duncan v. Graves (257 App. Div. 552, mod. 282 N. Y. 746) as to State income taxes. In those cases, it is true, the courts held that provisions in the respective wills under consideration constituted annuities rather than trusts and that the tax should be paid at the source by the trustee and not charged against the alleged income beneficiary. However, as pointed out by respondent, the above Federal decisions were in effect overruled by the Revenue Act of 1942 (56 U. S. Stat. 798) by which the Code of 1939 was amended with the design, according to the Senate Report, of overcoming the effect of these decisions. This is reflected in the 1954 Code (§ 662). Section 1.662(a)-2 of the Federal Tax Regulations (1959 ed.) provides “ (c) * * o:Tf an annuity or a portion of an annuity is deemed under this paragraph to be income required to be distributed currently, it is treated in all respects in the same manner as an amount of income actually required to be distributed currently.”
Since the instant will was executed and testator died after the amendments, they are controlling herein. It would appear, therefore, that even if the provisions of the will constituted an annuity nevertheless, to the extent that the $10,400 per annum paid to the widow consists of income, this would be taxable to her, insofar as Federal income taxes are concerned and this court so holds. (Chicago Title & Trust Co. v. Schwab, 347 Ill. App. 233; Harte v. United States, 152 F. Supp. 793; Matter of Milleg, 196 Misc. 761, appeal dismissed 7 A D 2d 1031; Matter of Proctor, 149 N. Y. S. 2d 293; Matter of Frohnknecht, 7 Misc 2d 896.)
In Matter of Milleg (supra) the Surrogate, at page 762, stated: “ Testator’s will makes no reference to the source from which income taxes are payable and none of its provisions is susceptible of the construction suggested by the petitioner. In the absence of such direction, the Internal Revenue Code applies and the income taxes are payable, pursuant to the 1942 amendment, by the beneficiary to the extent that the payments are made from income.”
The court, however, further holds that the provisions in the will herein do not constitute an annuity, that People ex rel. Duncan v. Graves (supra) does not apply, and that as to New York State income taxes also, the tax should be paid by the beneficiary to the extent that the sums paid her each year consist of income unaugmented by contributions from principal.
The above decision involved subdivision 2 of section 359 of the New York Tax Law, excluding gifts or bequests within its meaning from gross income to the recipient. The court, in *828 holding that annual payments to testator’s widow and son were properly moneys received by them as bequests and, therefore, not taxable to them as individuals but against the trust estate, nevertheless stated, at page 553: “If, however, these payments are a mere distribution of income to the beneficiaries of the trust then these payments would be taxable as income to the individuals and not taxable as against the trust estate.”
In construing a will the provisions of which were almost identical with those herein Surrogate Delehanty held that they constituted a true trust and that the income therefrom fell within the ordinary tax law provisions which entitle a fiduciary to claim a deduction in its information return for payments to beneficiaries. (Matter of Nachman, N. Y. L. J., March 29, 1937, p. 1540, col. 1.) He further held that the payments out of principal were not annuity payments when made for the purpose of bridging the gap between income actually earned and available and the sum decedent desired his beneficiaries to receive annually. In Matter of Provot (188 Misc. 802) he pointed out at page 804: ‘1 Even the express use of the word ‘ annuity ’ has been held often to be a misnomer and not to be a definition of the rights of so-called 'annuitants ’. (See Matter of Hastings, 183 Misc. 520, and cases there cited.) ”
Had testator herein intended the beneficiary to receive the payments to her entirely tax free, he could have expressly so stated. To paraphrase the language of Matter of Milleg (supra) there is no reference in the will to the source from which income taxes are payable and no provision therein is susceptible of the construction advanced by petitioner.
The court holds that the beneficiary must bear the burden of Federal and State income taxes on the payments made to her under the will to the extent that they consist of income, without any resulting increase in the amount received by her from the trust.
Submit decree on notice accordingly.