THE HANOVER BANK, AS TRUSTEE UNDER AGREEMENT DATED OCTOBER 19, 1914, MADE BY LEONA C. HOWE, DECEASED, ET AL., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

SEYMOUR W. STRONG AND FRANCES M. STRONG, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 89166, 90208. Filed June 14, 1963.

*Hewitt A. Conway*, for the petitioner in Docket No. 89166.
*Moe D. Karash*, for the petitioners in Docket No. 90208.
*Richard B. Nashel*, for the respondent in Docket No. 89166.
*Eugene H. Ciranni*, for the respondent in Docket No. 90208.

**OPINION**

BLACK, *Judge:* Petitioners Strong contend that the agreement between Frances' mother, father, paternal grandmother, and the predecessor of the present trustee, entered into on October 19, 1914, did not

create a trust fund for the benefit of Frances and that the agreement only provided for the creation of a collateral mortgage security arrangement for the benefit of Frances' mother in lieu of dower. Petitioners Strong further contend that since the amounts received by Frances' mother were in lieu of dower the amounts therefore are incidents of inherited property to Frances and her mother.

We do not agree with these contentions. It seems to us that the intent of the settlors was manifest in the agreement to create a valid trust. The other essential elements of a valid trust are all present, including designated beneficiaries and a trustee, and sufficiently identifiable property, title to which was delivered and passed to the trustees. The mere fact that Frances' mother gave up her right to dower and thereby gave consideration to one of the settlors does not destroy an otherwise valid trust, Restatement, Trusts, sec. 29 (2d ed.).

There does not appear to be any ambiguity in the agreement concerning the creation of the trust and, in fact, all the parties to that agreement, including Frances, have long treated the agreement as creating a valid trust. Petitioners Strong reported as trust income in 1953 and 1954 most of the amounts paid to them by the trustee. Long-standing interpretations should be given consideration and will not lightly be set aside even when there is ambiguity in the instrument, *Babette B. Israel*, 11 T.C. 1064 (1948). Furthermore, the Supreme Court of New York previously construed the agreement as creating a valid trust and the material parts of that judgment are set forth in our Findings of Fact. Judicial constructions by State courts are conclusive as to the legal extent and character of the interests created under such an agreement, *Louise Savage Knapp Trust A*, 46 B.T.A. 846 (1942).

The situation here is distinguishable from cases such as *Lyeth* v. *Hoey*, 305 U.S. 188, and *Chase National Bank et al., Executors*, 40 B.T.A. 44 (1939). In each of those cases the taxpayer threatened to take contrary to a will and in each case compromised his claims. The Courts determined that the property received in compromise was the substitute for an inheritance. In the instant case, Frances did not contest the disposition and the amounts she received were not in compromise of any claim she may have had.

It follows that the distributions set forth in our Findings of Fact are to be included in the gross income of the beneficiary Frances in accordance with section 662, 1954 Code, and section 162 of the 1939 Code.

Respondent determined deficiencies against petitioner Hanover Bank for purposes of protecting the revenue as an alternative measure should we fail to sustain the deficiencies determined against Sey-

mour and Frances Strong. In view of our determinations wherein we sustained the respondent's determinations as to petitioners Strong, we find for the petitioner Hanover Bank.

> *Decision will be entered for the petitioner in Docket No. 89166.*
>
> *Decision will be entered under Rule 50 in Docket No. 90208.*